483 So.2d 1007 (1986)
STATE of Louisiana
v.
Nick D. TAYLOR.
No. 86-KK-0223.
Supreme Court of Louisiana.
March 7, 1986.
Reconsideration Granted; Writ Granted March 31, 1986.
Granted. The former defense attorney may not be called as a witness concerning the gun, without the defendant's consent. R.S. 15:475.
BLANCHE, Justice, concurring.
The attorney-client privilege covers information received by the lawyer from his client concerning the location of incriminating evidence. La.R.S. 15:475. While it does not immunize the evidence from production in a court of law, it is beyond question that knowledge of the location of the evidence in this case could only come from the defendant. This is information which may not be disclosed by counsel without violation of the attorney-client privilege. For that reason, I would not permit the state to call defendant's former counsel as a witness and permit it to question counsel concerning where he obtained the pistol.
LEMMON, Justice, concurring.
The fact of the location of the gun at the time the attorney came into possession is information obtained by reason of being relator's legal advisor. The gun, however, is admissible.
DENNIS, J., would grant the writ and docket the case for argument. He does not join in the majority's order granted without oral argument, or a full opinion.